# STATE OF MICHIGAN

# COURT OF APPEALS

CITY OF HOLLAND,

  Plaintiff-Appellee,

v

CONSUMERS ENERGY COMPANY,

  Defendant-Appellant.

FOR PUBLICATION
January 6, 2015

No. 315541
Ottawa Circuit Court
LC No. 12-002758-CZ

———

CITY OF COLDWATER,

  Plaintiff-Appellee,

v

CONSUMERS ENERGY COMPANY,

  Defendant-Appellant.

No. 320181
Branch Circuit Court
LC No. 13-040185-CZ

———

Before: BORRELLO, P.J., and SERVITTO and SHAPIRO, JJ.

SHAPIRO, J. (*concurring*).

  I concur.

  There are two separate issues in this case. The initial question is whether Mich Admin Code R 460.3411, i.e., Michigan Public Service Commission (PSC) Rule 411, as interpreted in *Great Wolf Lodge of Traverse City, LLC v Public Service Comm*, 489 Mich 27; 799 NW2d 155 (2011), bars these plaintiff-municipalities from providing the challenged utility service. If we answer that question in the negative, then we must determine whether MCL 124.3(2) provides such a bar.

  Defendant Consumers rightly observes that the substantive language in *Great Wolf Lodge* was sweeping and, in that case, it was of no consequence that the utility provider to whom the premises owner sought to "switch" was a municipal power company rather than another PSC-regulated utility. However, the municipalities rightly point out that whatever the *substantive*

-1-

interpretation of Rule 411, it cannot be enforced against a party that does not fall within the jurisdiction of the PSC. And, the Legislature has not given the PSC jurisdiction over municipal power providers. See MCL 460.6(1) ("The public service commission is vested with complete power and jurisdiction to regulate all public utilities . . . except a municipally owned utility . . . ."). Therefore, I conclude that while Rule 411 bars one power provider from serving a premises previously served by another, the PSC may not order a municipal power provider to comply with Rule 411. In *Great Wolf Lodge*, 489 Mich at 34, this problem did not prevent the aggrieved utility from obtaining relief because the premises owner voluntarily subjected itself to the jurisdiction of the PSC and, accordingly, the PSC could order the premises owner to comply with Rule 411. That is not the case here. While it is unclear whether the Supreme Court considered the instant factual scenario when deciding *Great Wolf Lodge*, I do not see how this Court can require a party to comply with an administrative rule promulgated by an administrative body that does not have jurisdiction over it. Since an absence of jurisdiction trumps any substantive interpretation of Rule 411, I would not apply the rule in this case absent a clear directive to do so from the Supreme Court.

By contrast, there is no jurisdictional problem with application of MCL 124.3(2).[1] However, the language of this statute differs significantly from that of Rule 411. Rule 411 speaks of "the first utility" to serve the premises, a concept that requires a view to the past and a determination of which utility was the first to provide service to the premises regardless of a later cessation of that service. By contrast, MCL 124.3(2) speaks to "customers . . . already receiving service[,]" a sentence construction that speaks to the present. Thus, where a customer is not "receiving" service, it may contract with the provider of its choice even if there was some other entity that was "the first utility" to serve the premises.

The issues in this case are complex, but I believe the majority's conclusions are consistent with the intent of the Legislature and *Great Wolf Lodge*. To the degree they are not, the Legislature and/or the Supreme Court may take appropriate action.

/s/ Douglas B. Shapiro

---

[1] MCL 124.3(2) provides that "[a] municipal corporation shall not render electric delivery service for heat, power, or light to customers outside its corporate limits already receiving service from another utility unless the serving utility consents in writing."